# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI-DADE DIVISION

**CHRISTOPHER LEON**, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                                                 Case No.: _____

**ADVANCED LENDING SOLUTIONS
COMPANY, LLC**, a foreign limited
liability company,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Advanced Lending Solutions Company, LLC ("Defendant"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2023-007800-CA-01, to the United States District Court for the Southern District of Florida, Miami-Dade Division, and in support thereof, states the following:

### A. APPLICABLE LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . to the district court of the United States for the district and division embracing the place where such action is pending." If the case as stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

B. <u>**TIMELINESS OF REMOVAL**</u>

1.  On March 20, 2023, plaintiff Christopher Leon ("Plaintiff") commenced this action in the 11th Judicial Circuit Court, in and for Miami-Dade County, Florida. In the Complaint, Plaintiff alleged that Defendant violated <u>*only*</u> the Florida Telephone Solicitation Act (the "FTSA"). On May 1, 2023, the undersigned agreed to accept service of the Complaint via e-mail on behalf of the Defendant. (A copy of the Complaint and e-mail accepting service is annexed hereto as **<u>Exhibit A</u>**.)

2.  On October 24, 2023, Defendant filed a pre-answer Motion for Summary Judgment demonstrating that the causes of action in the Complaint were barred by the FTSA as amended.[1]

3.  On December 18, 2023, in response to Defendant's Motion for Summary Judgment, Plaintiff filed an Amended Complaint without leave of court or Defendant's written consent in violation of Florida Rule of Civil Procedure 1.190(a). In the Amended Complaint, Plaintiff abandoned its claims under the FTSA, alleging instead that Defendant violated <u>*only*</u> the Telephone Consumer Protection Act (the "TCPA"). (A copy of the Amended Complaint is annexed hereto as **<u>Exhibit B</u>**.)

4.  On January 22, 2024, Defendant filed a Motion to Dismiss the Amended Complaint demonstrating that this complaint is a nullity to which no responsive pleading is due because of its violation of Rule 1.190(a). *See, e.g.*, *Fusilier v. Markov,* 676 So. 2d 1053, 1054 (Fla. 3d DCA 1996). In response, on March 1, 2024, Plaintiff filed a Motion for Leave to Amend.

5.  The parties' dispute regarding the nullity of the Amended Complaint culminated in the Agreed Order Granting Plaintiff's Motion for Leave to Amend Complaint and Denying Defendant's Motion for Summary Judgment as Moot (the "Agreed Order"). This Order "deemed

---

[1] On December 4, 2023, while the Motion for Summary Judgment was pending, Defendant filed its Answer and Affirmative Defenses.

Page **2** of **4**

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  **T.** 786.822.3700 **F.** 305.675.3605  **ArmstrongTeasdale.com**

[the Amended Complaint] filed as of March 25, 2024." The Order further states that "Plaintiff has withdrawn any claims under the Florida Telephone Solicitation Act [in the Amended Complaint]." (A copy of the Agreed Order is annexed hereto as **Exhibit C**. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all other process, pleadings, and orders served upon Defendant is annexed hereto as **Exhibit D**.)

6. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), and the Agreed Order, this Notice of Removal is timely as filed within thirty (30) days after the Amended Complaint was deemed filed.[2]

C. **PROPER VENUE**

Venue is proper in this Court under 28 U.S.C. § 1441(a) because the state court in which this action is pending, the 11th Judicial Circuit Court in Miami-Dade County, Florida, is within the Miami-Dade Division of the United States District Court for the Southern District of Florida.

D. **BASIS FOR REMOVAL: SUBJECT MATTER JURISDICTION**

7. The Amended Complaint alleges that Defendant is liable solely under the TCPA. Therefore, by asserting claims under federal law, this action is properly removable under 28 U.S.C. § 1441(a) because the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331.

E. **CONCLUSION**

8. This Notice of Removal is proper and timely pursuant to 28 U.S.C. §§ 1441 and 1446, and Defendant did not file the same for any improper purpose.

---

[2] The deadline to file this notice is April 24, 2024.

9. Further, pursuant to 28 U.S.C. § 1446(d), Defendant will Promptly serve copies of this Notice of Removal upon counsel for Plaintiff and to the clerk of the 11th Judicial Circuit Court in and for Miami-Dade County, Florida.

Dated April 24, 2024.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 675-3605

By: /s/ *Keith D. Silverstein*
Keith D. Silverstein, Esq.
Fla. Bar No. 086820
ksilverstein@atllp.com
Jose A. Peralta, Esq.
Fla. Bar No. 1028554
jperalta@atllp.com
**FOR SERVICE:**
miamiefiling@atllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served to every counsel of record via transmission of notices of electronic filing generated by CM/ECF on April 24, 2024.

    /s/ *Keith D. Silverstein*
    Keith D. Silverstein, Esq.